# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT WINCHESTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1137-SMY-RJD |
| | ) |
| **ILLINOIS REPUBLICAN PARTY, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Robert Winchester challenges the results of elections for committeeman to the State Central Committee of the Republican Party (Doc. 1). Winchester was previously the Committeeman for the 15th Congressional District in Illinois but was defeated by Chapin Rose in an election held on April 18, 2018. Winchester claims the election was fraught with irregularities and that he is the true winner.

Pending before the Court are the Motion to Dismiss filed by the Illinois Republican Party ("IRP") (Doc. 26), the Motion to Dismiss for Lack of Jurisdiction filed by Defendants Illinois State Board of Elections ("Board"), Cadigan, Carruthers, Keith, Linnabary, McGuffage, O'Brien, Scholz, and Watson (Doc. 45), and the Motion to Join Motion to Dismiss filed by Defendant Rose (Doc. 46).[1] For the following reasons, the IRP's Motion is **GRANTED**, the Board's, et al., Motion is **GRANTED**, and Rose's Motion is **GRANTED**.

### Background

According to the Complaint (Doc. 1-1), the IRP is a not-for-profit corporation. Its directors

---

[1] The remaining Defendants, Murphy, Diekelman, Reyes, Dorgan, Grogan, Hosty, Higgins, Foss-Eggemann, Claar, Viviano, Floreth, Bond, McGlasson, Weber, and Bigger, who are all committeemen of the IRP, have not entered an appearance.

are Committeemen to the State Central Committee of the Republican Party ("State Central Committee") and are elected from each of Illinois' 18 congressional districts. Elections take place every 4 years when primary elections are held. Winchester was a Committeeman elected from the congressional district encompassing Hardin County, Illinois and a Director in the IRP since 1992. Winchester submitted the appropriate paperwork to contend in the 2018 election and ran against Chapin Rose, a State Senator from the 51st congressional district. Rose was declared the winner.

Winchester alleges that he in fact received the most votes and should have won the election. He claims he was not elected because of the systematic machinations of the Chairman of the IRP and Committeemen before the 2018 election, who operated through various staff members of the IRP. Specifically, Winchester alleges that these individuals failed to place his name on ballots, that nonexistent votes were counted in favor of Rose, that various persons were not able to cast votes for Winchester, and/or that incorrect results were reported, etc.

On May 10, 2018, the Board certified the election and thereby ratified the victories of the Committeemen including Rose. Winchester wrote letters to the IRP and the Board contesting the election but was unsuccessful in changing the official results. Gaining no traction through his letter writing, Winchester filed suit pursuant to 42 U.S.C. § 1983, asserting the IRP violated his procedural due process rights in the April 18, 2018 election (Count I); that he is entitled to injunctive and declaratory relief against the IRP and individual directors (Counts II and III); and seeking the same declaratory relief from the Board and its members under state law (Count IV).

## Discussion

### Board's Motion to Dismiss (Doc. 45)

The Board and its members assert pursuant to Federal Rule of Civil Procedure 12(b)(1) that this Court lack subject matter jurisdiction over Winchester's request for declaratory relief. In

particular, they contend that Winchester, an Illinois citizen, cannot bring suit in federal court against an arm of the State of Illinois pursuant to state law. In response, Winchester argues that these defendants are seeking relief under the wrong Federal Rule,² that the State of Illinois is merely a nominal party which need not take any action in order for Winchester to acquire relief, and, in the alternative, that this Court should exercise supplemental jurisdiction over this claim.

There is no dispute that Winchester is a citizen of Illinois and that the Board (and its members who are sued in their official capacity) is an agency of the State of Illinois. 10 ILL. COMP. STAT. § 5/1A-1. The Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781 (1978); *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997); *Bd. Of Regents v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (Eleventh Amendment immunity extends to suits by citizens against their own state). This jurisdictional bar "applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Winchester's claim against the Board and its members does not fall within the narrow exceptions that would permit this claim to be brought in federal court. *Id*. As such, Winchester's claim against the Board and its members is barred by the Eleventh Amendment. Accordingly, Count IV is **DISMISSED with prejudice**.³

---

² The Seventh Circuit has held that "the question of sovereign immunity is not a jurisdictional one" and that it is a waivable defense. *See Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 822 (7th Cir. 2016). Claims barred by sovereign immunity are nonetheless subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim. *See Abdulqder v. United States*, 596 Fed.Appx. 515, 516 (7th Cir. 2015). Thus, regardless of the particular Rule asserted, the result would be the same.

³ This Court declines to exercise supplemental jurisdiction over this claim because, as set forth below, there will be no remaining federal claims in this matter. *See RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012) (discussing presumption in favor of relinquishing jurisdiction when no federal claims remain); *Ex parte Young*, 209 U.S. 123, 159-160 (1908) (permitting prospective equitable relief against state officials only to remedy constitutional violations).

**IRP's Motion to Dismiss (Doc. 26)**

IRP's primary argument is that Winchester failed to comply with state law in contesting the election and that his claim must therefore fail as a matter of law. Defendants rely, in part, on *Pullen v. Mulligan*, 561 NE.2d 585 (Ill. 1990), for the proposition that "[c]ourts have no inherent power to hear election contests but may do so only when authorized by statute and in the manner directed by statute." *Id*. at 589; *see also Doelling v. Board of Ed. Of Community High School Dist. No. 88, Washington County*, 160 N.E.2d 801 (Ill. 1959) (holding that a state court has no jurisdiction to hear an election which is contested by an unverified complaint). IRP also argues that because Winchester did not comply with Illinois' Election Code, 10 ILL. COMP. STAT. § 5/7-63 by filing a petition within 10 days "after the completion of the canvass of the returns by the election authority making the final canvass of returns," he cannot now challenge the election results. Winchester argues that his constitutional claim made pursuant to § 1983 is not governed by state law and that he is asserting IRP violated his First Amendment Rights to free speech and freedom of association (claims that are not made in his Complaint).[4]

In his § 1983 claim, Winchester alleges that IRP was acting under color of state law when the Board delegated its duty to IRP to run and certify the results of the contested election. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970) (reiterating that "private persons, jointly engaged with state officials in the prohibited action, are acting under color of law for purposes of the statute" (quotation marks and citations omitted)). He also contends IRP violated his procedural due process rights secured by the Fourteenth Amendment "by not devising and/or properly

---

[4] Winchester also appears to be claiming, again in his response to the Motion to Dismiss only, that Illinois' election code, as applied to this situation, is unconstitutional. Winchester cannot amend his Complaint through a brief in response to a motion. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ."). Therefore, the Court will not consider allegations made for the first time in his response to the Motion to Dismiss.

implementing consistent and unambiguous procedures for electing State Central Committeemen, for tabulating and reporting the results of said elections, and by failing to have the tabulated results report to the BOARD as required by the law . . . ." (Doc. 1-1, ¶ 50). Thus, Winchester is asserting a *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978), claim against IRP – that it had an "unconstitutional policy or custom" that caused the violation of his procedural due process rights. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014).

IRP's argument that Winchester failed to comply with state law in contesting the election necessarily involves the consideration of facts outside of the pleadings, which is better suited to a motion for summary judgment. Because *F.R.C.P.* 8 only requires notice pleading, Winchester was not required to set forth facts that would establish that he complied with state law.

IRP also argues that Winchester has no federal liberty or property interests in being elected to the State Central Committee for the Republican party. In order to state a Fourteenth Amendment procedural due process claim, Winchester must allege that he has a liberty or property interest in being elected a state committeeman and that he was deprived of that interest without due process. *Manley v. Law*, 889 F.3d 885, 890 (7th Cir. 2018); *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). A liberty interest may include a right of free speech and assembly – claims which Winchester does not make in his Complaint. *Briscoe v. Kusper*, 435 F.2d 1046, 1053 (7th Cir. 1970). Moreover, the Fourteenth Amendment does not extend to "those rights and privileges . . . pertaining to state citizenship and derived solely from the relationship of the citizen and his state established by state law." *Snowden v. Hughes*, 321 U.S. 1, 6-7 (1944). Therefore, whatever liberty interest Winchester may have in being elected to the State Central Committee of IRP is a creature of state law and not federal law. *Id*. ("More than forty years ago, this Court determined that an unlawful denial by state action of a right to state political office is not a denial of a right of property

or of liberty secured by the due process clause."); *See also Hoffman v. Wilks*, 748 Fed.Appx. 79, (noting that § 1983 "cannot be used to bootstrap a state-law dispute into federal court").

The Court has considered Winchester's additional arguments and finds that they are unpersuasive or do not apply. Winchester argues that he is entitled to relief under Illinois' General Not For Profit Corporation Act of 1986. 805 ILL. COMP. STAT. §101.01, *et seq*. But as previously noted, Winchester's entitlement to injunctive relief pursuant to a state statute does not entitle him to relief under § 1983.

Winchester next argues that he is challenging state action that suppresses his First Amendment Rights and cites to *Smith v. Daley*, 1994 WL 325749 (N.D. Ill. 1994). In *Smith*, Chicago Aldermen challenged the application of a municipal ordinance for the reimbursement of attorney fees by the Mayor and City of Chicago. The Aldermen incurred attorney fees in defending civil actions challenging a redistricting plan supported by the Mayor (in defending, certain Aldermen either took a neutral stance to the lawsuit or a stance in opposition to the Mayor). Once the cases were resolved, Aldermen who aligned politically with the Mayor were reimbursed for legal costs but Aldermen who were not aligned with the Mayor were not reimbursed. Those Aldermen claimed that the City/Mayor violated their First Amendment rights to freedom of speech and association and their equal protection rights guaranteed by the Fourteenth Amendment. In denying a motion to dismiss, the district court found that the Aldermen stated a claim by alleging the City's/Mayor's policy of not reimbursing the attorney fees of political opponents chilled speech when it was applied in a non-neutral manner and withheld benefits based on their membership in a particular group. *Id*. at * 6. The district court also found that the Aldermen stated an equal protection claim by alleging they were members of a protected class that was treated differently by the City's/Mayor's actions. *Id*. * 7.

*Smith* is easily distinguishable from this case. Winchester does not allege any First Amendment claims in his Complaint nor does he make out any equal protection claim. Additionally, his argument that state election laws are unconstitutional because they violate his First Amendment rights is unrelated to any claim set forth in his Complaint.

In light of this Court's conclusion as to Count I and there being no other independent basis of jurisdiction as to the state law claims in Counts II or III, those claims are **DISMISSED without prejudice**.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss filed by the IRP (Doc. 26) is **GRANTED**, the Motion to Dismiss for Lack of Jurisdiction filed by the Board, Cadigan, Carruthers, Keith, Linnabary, McGuffage, O'Brien, Scholz, and Watson (Doc. 45) is **GRANTED**, and the Motion to Join Motion to Dismiss filed by Defendant Rose (Doc. 46) is **GRANTED.** This matter is **DISMISSED with prejudice** as to Counts I and IV and **DISMISSED without prejudice** as to Count II and III. The Clerk of Court is DIRECTED to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 27, 2019**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**